**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CIVIL NO. 20-606(DSD/ECW)**

Christa L. Peterson,

        Plaintiff,

v.                                                            **ORDER**

Experian Information Solutions, Inc.,

        Defendant.


      David A. Chami, Esq. and Price Law Group, Apc., 8245 North 85th Way, Scottsdale, AZ 85258, counsel for plaintiff.

      Adam W. Wiers, Esq. and Jones Day, 77 W. Wacker, Suite 3500, Chicago, IL 60601 and Christopher M. Johnson, Esq. and Jones Day, 4655 Executive Drive, Suite 1500, San Diego, CA 92121, counsel for defendant.


      This matter is before the court upon defendant Experian Information Solutions, Inc.'s motions for summary judgment and to exclude the testimony of plaintiff Christa Peterson's expert witness.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion for summary judgment is granted and the motion to exclude expert testimony is denied as moot.

**BACKGROUND**[1]

This Fair Credit Reporting Act (FCRA) dispute arises out of allegedly inaccurate information on Peterson's credit report following her discharge from bankruptcy.  Peterson filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Minnesota in March 2019.  Compl. ¶ 10.  She obtained a discharge on June 26, 2019.  Hall Decl., ECF No. 90-4, Ex. E.  Eager to ensure that her discharge was being accurately reported, Peterson requested and, on August 30, 2019, received a consumer credit report from Experian.  See Hall Decl. Ex. F.

Peterson claims that the report contained inaccurate information about her Southpoint Federal Credit Union credit card account (Account).  Specifically, Peterson alleges that although the Account was discharged in the bankruptcy in June, Experian reported the Account with a balance of $2,481 as of July 2019, and as being thirty days late in May 2019, sixty days late in June 2019, and ninety days late in July 2019.  Id. at 4-5.  Experian further reported the Account as "[o]pen $214 past due as of July 2019."  Id. at 5.  On the same report, Experian also correctly indicated that Peterson's Chapter 7 bankruptcy was discharged in June 2019.  Id. at 2.

---

[1] The court will discuss only those facts necessary to decide the instant motions.

Peterson alleges that the description of the Account was inaccurate because it did not show the Account "as discharged in bankruptcy" or otherwise reflect a "zero balance."  Compl. ¶ 15. Peterson argues that because Experian reported that her Chapter 7 bankruptcy was discharged in June 2019, it therefore "knew or had reason to know" that its reporting of the Account was inaccurate. Id. ¶ 21.  Accordingly, Peterson contends that Experian failed to "maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy," in violation of the FCRA, 15 U.S.C. § 1681e(b).  Id. ¶¶ 21, 31.

Peterson alleges that she has suffered damages in the form of loss of credit opportunities, including credit denials; less favorable credit rates; and embarrassment, distress, humiliation, and mental anguish.  To establish that she was denied credit due to the Experian report, Peterson submitted a declaration stating that she believes she was denied a Chase credit card post-bankruptcy due to Experian's inaccurate reporting.[2]  Peterson Decl. ¶¶ 4-7.  She provides no documentary evidence or explanation in

---

[2]  Peterson also states that two stores – Scheels and American Eagle – denied her credit due to her bankruptcy.  Peterson Dep. at 15:2-10; 16:11-22.  She does not contend that the stores denied her credit due to the Experian report.  Nor does she persist in her contention that she received less favorable credit rates because of the inaccuracy in the Experian report.

support of this statement, however.   Further, in her deposition,

Peterson testified to the contrary, stating that Chase denied her

credit application "[b]ecause of the bankruptcy."   Peterson Dep.

at 17:9-12; id. 133:6-9.

In support of her claimed emotional damages, Peterson states

that she has suffered "extreme distress, anxiety, frustration, and

depression" and that her personal relationships have become

strained.   Peterson Decl. ¶¶ 8-9.   She admits, however, that she

has not sought care by a psychologist, psychiatrist, any other

mental health care provider, a spiritual advisor, or medical doctor

due to the events giving rise to this lawsuit.[3]   Hall Decl. Ex. K,

at 4-5.   She further admits that she has not incurred any medical,

spiritual, or counseling expenses relating to these events.[4]   Id.

Peterson filed suit against Experian on February 26, 2020,

alleging one violation of the FCRA.   Peterson contends that

Experian violated the FRCA by reporting that she still owed money

---

[3]   Peterson states that she saw a counselor for anxiety and depression before she filed for bankruptcy.   Peterson Decl. ¶ 11. She asserts that the counselor increased her medication to address worsening anxiety and depression following Experian's reporting. Id.

[4]   These admissions, which were made in response to Experian's requests for admission, are contrary to her claim that she continues to see a counselor, in part, due to the Experian report. See Hall Decl. Ex. K, at 4-5.   But a "matter admitted [in response to a request for admission] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b).   Peterson has not asked to withdraw her admissions.

on the Account despite also reporting that her debts were discharged in bankruptcy.  She seeks declaratory relief; actual, statutory, and punitive damages; fees and costs; and pre- and post-judgment interest.

Experian moved for judgment on pleadings, arguing that the class action settlement in White v. Experian Information Solutions, Inc., No. SA CV 05-1070, 2008 WL 11518799 (C.D. Cal. Aug. 19, 2008), precludes Peterson's claim under the doctrine of collateral estoppel.  Experian also argued that Peterson did not adequately allege that it failed to follow reasonable procedures in reporting on her credit status.  The court denied the motion, concluding that White did not bar Peterson's claim, and that she plausibly alleged that Experian "failed to follow reasonable procedures to assure maximum possible accuracy" on her report. ECF No. 79, at 8 (citation omitted).  Experian now moves for summary judgment and to exclude Peterson's expert witness.

## DISCUSSION

### I.   Standard of Review

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party.  See id. at 255.  The nonmoving party must set forth specific facts sufficient to raise a genuine issue for trial; that is, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 249-50; Celotex v. Catrett, 477 U.S. 317, 324 (1986).  Moreover, if a plaintiff cannot support each essential element of her claim, the court must grant summary judgment, because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

## II.  Actual Damages

The FCRA outlines the procedural and substantive requirements meant to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)).  Section 1681e(b) requires consumer reporting agencies like Experian to "follow reasonable procedures to assure maximum

possible accuracy of the information" contained in a consumer's credit report.   15 U.S.C. § 1681e(b).

To survive Experian's motion for summary judgment, Peterson must present evidence that: (1) Experian negligently or willfully failed to follow reasonable procedures intended to assure the accuracy of its report; (2) Experian reported inaccurate credit information about Peterson; (3) Peterson suffered harm; and (4) Experian's failure to follow reasonable procedures was the cause of that harm.   Reed v. Experian Info. Sols., Inc., 321 F. Supp. 2d 1109, 1113 (D. Minn. 2004).

The court will turn directly to the issue of damages, as it is dispositive here.   See Rambarran v. Bank of Am., N.A., 609 F. Supp. 2d 1253, 1263 (S.D. Fla. 2009) (citation omitted) ("[T]he failure of an FCRA plaintiff to produce evidence of damage resulting from a FCRA violation mandates summary judgment.").

Peterson alleges that she has sustained actual damages due to Experian's alleged misconduct because she was denied a Chase credit card and has suffered "severe emotional distress."   She has not supported her allegations with actual evidence, however.

Specifically, Peterson has submitted no documentary or other corroborating evidence showing that she was denied credit by Chase or that such denial was due to the Experian report.[5]   See Richardson

---

[5]   The fact that Chase inquired about Peterson's credit in August 2019, ECF No. 91-1, at 12, does not establish that Chase

v. Fleet Bank of Mass., 190 F. Supp. 2d 81, 88 (D. Mass. 2001)
(requiring showing that erroneous report was a "substantial
factor" in the denial of credit). Further, she undermined her own
argument by testifying that the denial was due to bankruptcy. It
is well known that filing for bankruptcy negatively affects a
consumer's credit. See Jaras v. Equifax, Inc., 766 F. App'x 492,
494 (9th Cir. 2019) (recognizing that "bankruptcies themselves
cause [consumers] to have lower credit scores with or without the
alleged misstatements" in credit reports). Because Peterson has
not tied the Experian report to Chase's (or any other creditor's)
decision to deny her credit, the court cannot conclude that she
suffered actual damages in this way.[6]

Peterson's claim of emotional distress is similarly lacking
evidentiary support. Emotional distress "must be supported by
evidence of a genuine injury, such as evidence of the injured
party's conduct and the observations of others." Cousin v. Trans
Union, 246 F.3d 359, 371 (5th Cir. 2001) (citing Carey v.
Piphus, 435 U.S. 247 (1978)). In other words, such claims "must
be supported by competent evidence of genuine injury." Forshee v.

denied her credit based on the error in the Experian report. At
most, it shows that Chase considered offering her credit at that
time.
    [6]   Even if admissible, Peterson's expert report does not
change the analysis because it does not establish that the error
caused Chase to deny Peterson credit. See Hall Decl. Ex. M, at
16-19.

Waterloo Indus., Inc., 178 F.3d 527, 531 (8th Cir. 1999) (citation and internal quotation marks omitted). Peterson's evidence consists of her vague testimony that "it's a nightmare" and "stressful." Peterson Dep. at 124:5-20. This is just the kind of conclusory evidence the Eighth Circuit has deemed inadequate. See id.; see also Dao v. Cellco P'ship, No. 14-cv-1219, 2015 WL 7572304, at *5 (D. Minn. Nov. 24, 2015) ("[C]onclusory claims of emotional distress – based solely on [plaintiff's] own testimony – do not show a concrete and genuine emotional injury and do not give rise to a genuine factual dispute necessitating trial.").

She also claims that she has increased and changed her antidepressant medication due to the report. Peterson Dep. at 54:9-55:2. But this claim is undermined by her responses to Experian's requests for admissions, in which she denied receiving medical or psychological care due to the events giving rise to this lawsuit. And, in her deposition, Peterson declined to specifically attribute her worsening depression and anxiety to the Experian report. See id. at 52:24-53:10. Further, Peterson admitted that her depression predated the Experian report, which further attenuates her alleged injury.

In sum, Peterson has not shown that she has suffered any actual damages that were caused by Experian's alleged misconduct.

## III. Statutory and Punitive Damages

Peterson claims that she is also entitled to statutory and punitive damages because Experian willfully violated the FCRA. Peterson specifically asserts that Experian willfully failed to employ reasonable procedures because it knew that her debts were discharged in bankruptcy but failed to update its report to indicate that the Account was included in the bankruptcy.

The FCRA permits aggrieved consumers to seek statutory and punitive damages against "[a]ny person who willfully fails to comply" with its provisions. 15 U.S.C. § 1681n(a)(1)(A)&(B). For a violation of the FCRA to be "willful," Experian must either have knowingly or recklessly violated the law. Burr, 551 U.S. at 57. A defendant does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69.

A credit reporting agency willfully fails to comply when it "knowingly and intentionally commit[s] an act in conscious disregard for the rights of others." Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993) (quoting Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986)). Courts have generally found willful violations in cases where agencies have intentionally misled

10

consumers or concealed information from them.  Cousin, 246 F.3d at 372.  That is not the case here.

At most, Peterson's allegations establish that Experian negligently failed to include pertinent information on her credit report.  Even if taken as true, the allegations do not support a finding that Experian's omission was due to a knowing and intentional disregard of Peterson's rights.  Indeed, although the court does not reach the broader issue of whether White fully precludes Peterson's claim, Experian's reliance on the procedures approved in White establishes that Experian's reporting was not willful or reckless.

If the court were to adopt Peterson's approach, statutory and punitive would be recoverable in nearly every FCRA case, which is not the intent of the statute.  Because Peterson has presented no evidence that Experian acted with a conscious disregard of her rights, she is not entitled to statutory or punitive damages under 15 U.S.C. § 1681n.

Peterson has failed to present sufficient evidence that she suffered actual harm entitling her to damages.  As a result, her claim fails as a matter of law and summary judgment in favor of Experian is warranted.

12

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERERD** that:

1.    The motion for summary judgment [ECF No. 87] is granted;

2.    The motion to exclude expert witness [ECF No. 95] is denied as moot; and

3.    The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 22, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court
