

| CALIFORNIA | ARIZONA |
|---|---|
| 6345 Balboa Blvd., Ste. 247 | 8245 N. 85th Way |
| Encino, CA 91316 | Scottsdale, AZ 85258 |
| T: (800) 884-6000 | T: (800) 884-6000 |

July 22, 2021

**VIA EMAIL/ECF FILING SYSTEM**
The Honorable David S. Doty
United States District Court
300 South Fourth Street
Minneapolis, MN 55415
E: doty_chambers@mnd.uscourts.gov

RE: *Peterson v. Experian Information Solutions, Inc.* (No. 0:20-cv-00606-DSD-ECW)

Dear Judge Doty,

Plaintiff Christina L. Peterson ("Plaintiff") respectfully requests leave of the Court to file a motion for reconsideration of the Order granting Experian's Motion for Summary Judgment (Doc. 116) wherein the Court held that Plaintiff failed to present sufficient evidence regarding damages.

Plaintiff respectfully contends that leave to file a motion for reconsideration is warranted based on the Supreme Court's recent opinion dated **June 25, 2021** in *TransUnion LLC v. Ramirez*, No. 20-297 (June 25, 2021).

At the time of the briefing on the motion for summary judgment, the Supreme Court had not yet decided *Ramirez*. On July 20, 2020, Plaintiff requested, but was not permitted, to file *Ramirez* as supplemental authority in this case. Ex. INSERT.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration; therefore, motions for reconsideration have been construed consistent with Fed. R. Civ. P 59(a), and Fed. R. Civ. P. 60(b)(2). *Knopik v. Amoco Corporation*, Civil No. 97-1134 MJD/JGL, at *1 (D. Minn. Jan. 23, 2003).

Motion for reconsideration may be justified, *inter alia*, on the basis of an intervening change in the controlling law. *Knopik*, Civil No. 97-1134 MJD/JGL, at *1  (citing *Grozdanich v. Leisure Hills Health Center, Inc.*, 48 F. Supp.2d 885, 888 (D. Minn. 1999)) (citations omitted)."

In *Ramirez*, the Supreme Court specifically held that the **consumer-plaintiffs whose credit reports were provided to third parties suffered concrete harm** and therefore had standing.

> The plaintiffs contend that this injury bears a "close relationship" to a harm traditionally recognized as providing a basis for a lawsuit in American courts—

namely, the reputational harm associated with the tort of defamation. *Spokeo, Inc. v. Robins*, 578 U. S. 330, 341 (2016).

We agree with the plaintiffs.

*Ramirez*, No. 20-297, at *20-21.

In short, the 1,853 *class* members whose reports were disseminated to third parties suffered a concrete injury in fact under Article III.

*Id*. at *17.

Importantly, the *Ramirez* Court found that no further consequential harm was required, such as credit score decrease, credit denial, or demonstration of emotional harm. The Court did not even assess whether the third parties actually received the publication of the inaccuracies, viewed them, or took any action based on the publication. Only proof that the inaccurate defamatory information was published to a third party was required to establish concrete injury.

*Ramirez* is directly on point here, since the evidence in the record establishes that Plaintiff's credit report **was published** to one or more third parties, including Chase. *See* Order at p. 3. (Doc. 116). Thus, the Court's Order (Doc. 116) appears to directly conflict with the Supreme Court's holding in *Ramirez* since the Court held that Plaintiff failed to present sufficient evidence of damages. Like the consumers in *Ramirez*, Plaintiff suffered the same concrete harm when her inaccurate credit report was published to third parties.

Plaintiff notes that *Ramirez* does not confer automatic standing to any consumer whose credit file contains inaccurate information, as the inaccuracy must be a non-technical inaccuracy (e.g. an incorrect zip code would not likely suffice). Here, the inaccuracy reported by Experian was clearly non-technical, as Experian's error implied to creditors that Plaintiff's bankruptcy may not have been fully discharged and that she still owed debt that she did not in fact owe.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court allow leave to file a motion for reconsideration of the Order (Doc. 116) based on the Supreme Court's ruling in *Ramirez*.

Cordially,

Dawn McCraw
(admitted *Pro hac vice*)
PRICE LAW GROUP, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorney for Plaintiff*
*Christa Peterson*