UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christa L. Peterson,

          Plaintiff,

Case No. 20-cv-606 (DSD/ECW)

v.

**ORDER ON SEALING**

Experian Information Solutions, Inc.,

          Defendant.

This matter is before the Court upon the parties' Joint Motion Regarding Continuing Sealing (Dkt. 112) pursuant to Local Rule 5.6(d) concerning documents filed under seal (Dkts. 91, 91-1, 91-2, 91-3, and 92) in support of Defendants' Motion for Summary Judgment (Dkt. 87).

The parties agree that Docket Entries 91-1, 91-2, and 91-3 should remain sealed as they either contain personal identifying information and account numbers or are privileged. Based on these representations and the Court's review of the documents, the Court concludes that the need to protect private financial information and possibly privileged information outweighs the public's right of access. *See* Local Rule 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).

The parties disagree with respect to the continued sealing of Docket Entries 91 and 92.

As to Docket Entry 91, Defendant Experian Information Solutions, Inc. ("Experian"), argues that this document contains confidential business information related to Experian's practices and procedures for reporting consumer credit information

during and after a bankruptcy. Experian further notes that this document contains Plaintiff's private credit information, including the reporting of specific credit accounts/tradelines. Experian also notes that this document is based on and/or incorporates information from documents that were marked as confidential pursuant to the protective order entered in this case. Plaintiff argues that Experian's employee provides opinions in this report based on publicly available records and a class action settlement. Docket Entry 91 is Experian's expert report and contains procedures it uses after a bankruptcy. While this may contain some publicly available information, given that its focus is Experian's confidential business procedures, the Court finds that continued sealing of Docket Entry 91 is appropriate.

With respect to Docket Entry 92, Experian provides a similar basis for sealing as Docket Entry 91, and Plaintiff argues that the information contained in the declaration are procedures used by other credit reporting agencies and are therefore widely known. Even assuming that the procedures at issue are the same used by other agencies, the issue is whether Experian has an interest keeping its procedures confidential, regardless how they comport with other known procedures. The Court concludes that Experian does have such a protectable business interest under the facts available. Therefore, Court finds that continued sealing of Docket Entry 92 is appropriate.[1]

---

[1] The Court also notes that neither Docket Entry 91 nor Docket Entry 92 was relied upon by United States District Judge David S. Doty in his Order (Dkt. 116) granting summary judgment.

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continuing Sealing (Dkt. 112) is **GRANTED** as follows: Docket Entries 91, 91-1, 91-2, 91-3, and 92 will remain **SEALED**.

Dated: September 23, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge